FILED
United States Court of Appeals
Tenth Circuit

February 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD LEE BELTON,

      Petitioner - Appellant,

v.

JUSTIN JONES,

      Respondent - Appellee.

No. 09-6222

(W.D. Oklahoma)

(D.C. No. 07-CV-00757-W)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner and appellant Harold Lee Belton, proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the following

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reasons, we deny him a COA, deny his request to proceed on appeal *in forma pauperis*, and dismiss this appeal.

### BACKGROUND

Mr. Belton was found guilty, following a jury trial, of rape of his nine-year-old grandson. At a second stage of the jury proceedings, the jury determined that Mr. Belton had previously been convicted of two or more felony convictions and recommended a sentence of twenty years' imprisonment. The trial court followed the jury's recommendation and sentenced Mr. Belton to twenty years.

Mr. Belton filed a direct appeal, arguing (1) insufficient evidence; (2) improper admission of other crimes evidence; and (3) error in conducting a bifurcated proceeding. The Oklahoma Court of Criminal Appeals ("OCCA") rejected these claims and affirmed Mr. Belton's conviction and sentence in a summary opinion. Belton v. State, No. F-2004-1306 (Okla. Crim. App. March 24, 2006) (unpublished), R. Vol. 1 at 98.

Mr. Belton then filed an application for post-conviction relief, based upon (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (3) improper use of certain former felony convictions for sentence enhancement purposes; and (4) violation of his right to a speedy trial. The district court denied the application for post-conviction relief, and the OCCA affirmed. In affirming the district court's decision, the OCCA held that

Mr. Belton was procedurally barred from raising all the claims he could have raised in his direct appeal, including his claim of ineffective assistance of trial counsel. The OCCA reviewed and rejected on its merits Mr. Belton's claim that appellate counsel rendered ineffective assistance by failing to raise the other three issues on direct appeal.

Mr. Belton then brought this 28 U.S.C. § 2254 habeas petition in federal district court. The district court referred the matter to a Magistrate Judge for initial proceedings consistence with 28 U.S.C. § 636(b)(1)(B) and (C). Mr. Belton argued five issues: (1) appellate counsel was ineffective for failing to raise the claims Mr. Belton first raised in his application for post-conviction relief; (2) ineffective assistance of trial counsel; (3) his sentence was improperly enhanced; (4) his right to a speedy trial was violated; and (5) the evidence was insufficient to sustain his conviction. In a carefully reasoned and thorough twenty-seven page report and recommendation, the magistrate judge recommended that Mr. Belton's petition for a writ of habeas corpus be denied. The district court adopted the report and recommendation and denied Mr. Belton's habeas petition. The court then denied Mr. Belton's application for a COA, stating:

> the Court rejected Belton's claims on their merits. Therefore, Belton "must demonstrate that reasonable jurists would find th[is] . . . [C]ourt's assessment of [his] . . . constitutional claims debatable or wrong." Upon review of the record, the Court finds Belton has failed to make the requisite showing with regard to these claims.

Order (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  The district court

also denied Mr. Belton leave to appeal *in forma pauperis*, on the ground that

"upon review of the record[,] . . . Belton would not be able to present a reasoned,

nonfrivolous argument on the law and facts in support of the issues to be raised

on appeal; thus, Belton's appeal is not taken in good faith."  Order at 2.

Mr. Belton now seeks a COA to enable him to appeal the district court's

denial of his habeas petition.  Issuance of a COA is jurisdictional.  Miller-El v.

Cockrell, 537 U.S. 322, 335-36 (2003).  To be entitled to a COA, Mr. Belton must

make "a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  To make the requisite showing, he must demonstrate that

"reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  Miller-

El, 537 U.S. at 336 (quotations omitted).

We have carefully read the entire record, all of Mr. Belton's submissions,

and the thorough report and recommendation of the magistrate, subsequently

adopted by the district court.  For substantially the reasons stated in the report

and recommendation, we DENY Mr. Belton's request for a COA and DISMISS this matter. We also DENY his request for leave to proceed on appeal *in forma pauperis.*

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge